UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARDINAL HEALTH, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-185 (RBW) |
| v. | ) ) | |
| ERIC H. HOLDER, JR., et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

Upon consideration of the motion by plaintiff Cardinal Health, Inc. ("Cardinal Health") for a temporary restraining order and the parties' related filings, the Court concludes that the motion should be granted. The Court finds that Cardinal Health has demonstrated that it will likely succeed on the merits of its challenge to the Order To Show Cause and Immediate Suspension of Registration issued to its Lakeland, Florida distribution facility ("Lakeland Distribution Center"); that Cardinal Health will likely suffer irreparable harm from continued suspension of its Drug Enforcement Administration ("DEA") registration; and that both the balance of hardships and the public interest favor granting a temporary restraining order. In addition to the reasons set forth by the Court at the hearing held this same date, the Court reaches these conclusions based upon the following findings:

1. That immediate suspension of the plaintiff's Lakeland Distribution Center is unnecessary to address the problem the DEA alleges because the plaintiff is not currently supplying controlled substances to the four pharmacies identified in the DEA's Immediate Suspension Order ("ISO"). In particular, the plaintiff represents that it had already

suspended distributions to two of the pharmacies at issue several months ago, and has temporarily suspended distributions to the two other pharmacies pending resolution of this case. The plaintiff has also pledged to terminate sales of controlled substances to any pharmacy or customer that the DEA believes is likely engaging in illegal activity or diversion. Based on these representations, the plaintiff has made a sufficient showing, at this stage, that the ISO is not necessary to prevent an "imminent danger to the public health or safety." 21 U.S.C. § 824(d).

2. That the ISO will not halt or reduce diversion of controlled substances and therefore will not diminish the "imminent danger" that the DEA seeks to avoid because the customers of the Lakeland Distribution Center will continue to receive controlled substances from <u>other</u> distributors or from the plaintiff's other distribution facilities.

3. That it is in the public interest to suspend enforcement of the ISO because the Lakeland Distribution Center supplies thousands of hospitals, pharmacies, and other health care providers, and the ISO would seriously disrupt the supply chain for controlled substances to these entities, resulting in delayed treatment for legitimate patients already facing drug shortages.

Accordingly, it is hereby

**ORDERED** that defendants Eric H. Holder, Jr., in his official capacity as the Attorney General of the United States, the United States Department of Justice, Michele L. Leonhart, in her official capacity as the Administrator of the DEA, and the DEA are prohibited from enforcing the immediate suspension order or suspending the DEA registration of Cardinal Health's Lakeland Distribution Center. It is further

**ORDERED** that the defendants shall immediately return any registrations, licenses, or

- 3 -

forms required to make this temporary restraining order effective.  It is further

**ORDERED** that the defendants shall return or unseal any controlled substances seized or placed under seal in connection with the immediate suspension order.  It is further

**ORDERED** that this order shall remain in effect pending resolution of a motion for a preliminary injunction unless terminated earlier by order of this Court.  It is further

**ORDERED** that the parties shall appear before the Court for a hearing at 2:00 p.m. on February 13, 2012.

**SO ORDERED** this 3rd day of February, 2012.

REGGIE B. WALTON<br>United States District Judge